UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEIDI PELLINO,

    Plaintiff,

v.                                         Case No. 8:23-cv-01737-AAS

MARTIN O'MALLEY,
Commissioner of the
Social Security Administration,[1]

    Defendant.
_____/

**ORDER**

Plaintiff Heidi Pellino requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for Disability Insurance Benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the parties' memoranda, the Commissioner's decision is **AFFIRMED**.

**I.    PROCEDURAL HISTORY**

Ms. Pellino applied for DIB on May 23, 2019, alleging a disability onset

---

[1] On December 20, 2023, Martin O'Malley became the Commissioner of the Social Security Administration.

1

date of August 1, 2018. (Tr. 157–63, 164–65). Ms. Pellino's claims were denied initially and on reconsideration. (Tr. 80–83, 91–103). Ms. Pellino timely requested and received a hearing before an ALJ. (Tr. 122–44). The ALJ issued a decision unfavorable to Ms. Pellino on June 25, 2020. (Tr. 23–32).

After the Appeals Council denied Ms. Pellino's request for review of the ALJ's decision, Ms. Pellino requested judicial review. (Tr. 1–4). In an order dated October 26, 2021, the court remanded Ms. Pellino's claim for further administrative proceedings. (Tr. 523–25). The Appeals Council vacated the ALJ's June 25, 2020 decision and remanded the case to the ALJ with instructions to obtain supplemental vocational expert testimony. (Tr. 496–97). After a supplemental hearing on July 11, 2022, the ALJ issued an unfavorable decision to Ms. Pellino on July 26, 2022. (Tr. 464–74, 482–93). Ms. Pellino now requests judicial review of the ALJ's July 26, 2022 decision. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Background

Ms. Pellino was 36 years old on her date last insured. (Tr. 472). Ms. Pellino has a high school education and past relevant as a customer service representative. (Tr. 472). Ms. Pellino alleged disability because of depression, anxiety, myasthenia gravis, migraines, and fatigue. (Tr. 189).

**B.     Summary of the Decision**

The ALJ must follow five steps when evaluating a claim for disability.[2] 20 C.F.R. § 404.1572(a). First, if a claimant is engaged in substantial gainful activity,[3] she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments significantly limiting her physical or mental ability to perform basic work activities, she has no severe impairments and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from performing her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[4] 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her RFC, age, education, and past work experience) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

The ALJ determined Ms. Pellino had not engaged in substantial gainful

---

[2] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 404.1572.

[4] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. § 404.1545(a)(1).

activity during the period from her alleged onset date of August 1, 2018, through her date last insured of December 21, 2018. (Tr. 467). The ALJ determined Ms. Pellino has these severe impairments: myasthenia gravis, migraines, major depressive disorder, and generalized anxiety disorder. (*Id.*). However, the ALJ found Ms. Pellino's impairment or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. (*Id.*).

Then, the ALJ determined Ms. Pellino has an RFC to perform light work,[5] except:

> [Ms. Pellino] was limited to frequent climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. She could never climb ladders, scaffolds, or ropes. She could have occasional exposure to hazards, and had the ability to understand, carry out, and remember simple, routine, and repetitive tasks, involving only simple, work-related decisions with the ability to adapt to routine workplace changes, and requiring occasional interaction with general public, coworkers, and supervisors.

(Tr. 469).

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

Based on these findings and the testimony of a vocational expert, the ALJ determined through Ms. Pellino could not perform her past relevant work. (Tr. 472). However, considering Ms. Pellino's age, education, work experience, and RFC, the ALJ concluded there are jobs that exist in significant numbers in the national economy that Ms. Pellino can perform. (*Id.*). Specifically, Ms. Pellino can perform the job of a marker, mail sorter, and routing clerk. (Tr. 473). Thus, the ALJ concluded Ms. Pellino was not disabled from August 1, 2018, the alleged onset date, through December 31, 2018, the date last insured. (*Id.*).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports the ALJ's findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B.  Issues on Appeal

Ms. Pellino raises two issues on appeal. First, Ms. Pellino argues the ALJ erred in increasing Ms. Pellino's RFC from sedentary work in the June 25, 2020 decision to light work in the July 26, 2022 decision. (Doc. 17, pp. 4–5). In response, the Commissioner contends the ALJ's evaluation of Ms. Pellino's RFC was supported by the record evidence and applicable law. (Doc. 19, pp. 4–5).

As to the second issue, Ms. Pellino argues the ALJ erred in failing to properly assess Ms. Pellino's symptoms of diplopia and blurry vision. (Doc. 17, pp. 6–8). In response, the Commissioner contends the ALJ properly considered

Ms. Pellino's vision complaints and concluded Ms. Pellino can perform a reduced range of light work. (Doc. 17, pp. 6–8).

### 1. Whether the ALJ's RFC assessment is supported by substantial evidence.

Ms. Pellino relies on the law of the case doctrine when arguing the ALJ's July 26, 2022 decision erred in its reassessment of Ms. Pellino's RFC. (Doc. 17, pp. 4–5). The Commissioner responds that the law of the case doctrine does not apply. (Doc. 19, pp. 4–5).

The Eleventh Circuit issued a published opinion resolving this issue. *See Weidner v. Comm'r of Soc. Sec.*, 81 F.4th 1341 (11th Cir. 2023). In *Weidner*, the plaintiff was found not disabled by an ALJ, including an RFC to perform sedentary work. *Id.* at 1343. After his request for review by the Appeals Council was denied, the plaintiff appealed to the district court, where the Commissioner moved to remand the case to the Social Security Administration. *Id.* The district court remanded the case, and the Appeals Council vacated the original ALJ's decision and instructed the ALJ to obtain supplemental evidence to issue another opinion. *Id.* at 1343–44. On remand, the ALJ conducted a hearing and issued a decision finding the plaintiff not disabled, including an RFC to perform light work. *Id.* The plaintiff then appealed to the district court, which affirmed the ALJ's decision. *Id.*

The plaintiff then timely appealed to the Eleventh Circuit. *Id.* There, the

plaintiff similarly argued the ALJ should have followed the law of the case doctrine and not reassessed his RFC from the previous decision. *Id.* at 1344. The plaintiff argued the ALJ could not relitigate any issue that the district court implicitly decided. *Id.* The Eleventh Circuit determined that the law of the case doctrine did not apply because the earlier decision was vacated by the Appeals Council, and the law of the case doctrine requires an extant earlier decision.[6] *Id.* at 1345 ("[Vacated decisions] have no legal effect whatever. They are void.") (internal quotation marks and citations omitted).

As the pertinent facts here are identical to those in *Weidner*, the Eleventh Circuit's ruling is binding. Consistent with the Eleventh Circuit's decision, the law of the case doctrine does not apply because the previous ALJ's decision from June 25, 2020 was vacated by the Appeals Council. (Tr. 496). Thus, Ms. Pellino's argument that the law of the case doctrine applies and warrants remand must fail.[7] This court reaches the same conclusion as the Eleventh Circuit in *Weidner*: "[T]he ALJ was not required to abide by the prior RFC finding on remand," and the ALJ's decision is supported by substantial

---

[6] The Eleventh Circuit determined that the law of the case doctrine was not applicable based on the vacatur without having to decide whether the doctrine applies to social security cases in general. *Id.* at 1395. The court also does not opine as to whether the law of the case doctrine applies in the social security context generally.

[7] Ms. Pellino cites to other authority neither on point nor binding on this court, so its relevancy need not be considered.

evidence.

## 2. Whether the ALJ properly assessed Ms. Pellino's complaints of blurred vision and diplopia.

Ms. Pellino argues the ALJ failed to adequately consider Ms. Pellino's complaints of blurred vision and diplopia (double vision) under the applicable rules and regulations. (Doc. 17, pp. 6–7). In response, the Commissioner contends the ALJ adequately recognized Ms. Pellino's vision complaints, but the severity of the impairments alleged are not supported by substantial evidence. (Doc. 19, pp. 6–7).

Social Security Ruling (SSR) 16-3p[8] and 20 C.F.R. § 404.1529(c) provide guidance on how an ALJ is to evaluate the subjective complaints of a claimant. SSR 16-3p provides that the "subjective symptom evaluation is not an examination of an individual's character," but instead a two-step evaluation of the evidence at hand. SSR 16-3p, 2017 WL 5180304, at *2–3 (Oct. 25, 2017). First, the ALJ "determine[s] whether the individual has a medically determinable impairment . . . that could reasonably be expected to produce the individual's alleged symptoms." *Id.* at *3. Then, the ALJ "evaluate[s] the

---

[8] SSRs are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration." *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990). Federal courts hearing appeals of the Commissioner's final decisions are not bound by SSRs, but they are accorded "great respect and deference where the statute is not clear and the legislative history offers no guidance." *B. B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. 1981).

intensity and persistence of an individual's symptoms . . . and determine[s] the extent to which an individual's symptoms limit his or her ability to perform work-related activities." *Id.* at *4.

Section 404.1529(c) provides that an ALJ is to "consider all of the available evidence from [the claimant's] medical sources and nonmedical sources about how [the] symptoms affect [the claimant]." 20 C.F.R. § 404.1529(c)(1). It also provides that medical opinions can be relied on when evaluating a plaintiff's subjective complaints. 20 C.F.R. § 404.1529(c)(1). The ALJ may not reject a claimant's subjective complaints only because the objective medical evidence does not substantiate the complaints. 20 C.F.R. § 404.1529(c)(2). This regulation instructs that the ALJ must "carefully consider any other information [a claimant] may submit about [his] symptoms." 20 C.F.R. § 404.1529(c)(3). The ALJ may reject testimony about subjective complaints, but that rejection must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

Here, the ALJ recognized Ms. Pellino's complaints of symptoms of blurred vision and diplopia. (*See* Tr. 469–72). In a July 2017, Richard Hostler, M.D., noted Ms. Pellino responded "quite favorably" to medication for treatment of facial weakness and diplopia. (Tr. 265). In an April 2018 visit with Neena Matthew, R.N., Ms. Pellino stated she was doing well on her medications and denied side effects. (Tr. 370). In an April 2018 visit with Dr.

10

Hostler, Ms. Pellino reported blurred vision, but Dr. Hostler noted an unremarkable examination. (Tr. 275). In addition, on occasions Ms. Pellino reported blurred vision, Dr. Hostler did not assess Ms. Pellino with any functional limitations due to her vision. (*See* Tr. 267, 275, 283). Rather, Dr. Hostler consistently recommended Ms. Pellino engage in exercise and activity. (*See* Tr. 268, 278, 285).

The court may not "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Even when the court finds that the evidence could support a different conclusion, the ALJ's decision must be affirmed if it is supported by substantial evidence and based on proper legal standards. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Here, the ALJ applied the proper legal standards, analyzed the evidence of record, and articulated the reasons he did not find Ms. Pellino's subjective complaints consistent with the evidence. (*See* Tr. 469–72). Thus, the ALJ properly evaluated Ms. Pellino's subjective complaints of vision impairments.

## IV.   CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED,** and the Clerk of Court is directed to enter judgment for the Commissioner and close the file.

**ORDERED** in Tampa, Florida on July 23, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge